CASE 43—PROSECUTION AGAINST BELL LAWRENCE FOR
    VOLUNTARILY GOING UPON THE HIGHWAY
    WHILE HE HAD THE SMALLPOX.—May 11, 1910.

## Lawrence v. Commonwealth.

Appeal from Rockcastle Circuit Court.

B. J. BETHURUM, Circuit Judge.

Defendant convicted and appeals.—Reversed.

Health—Infectious Disease—Voluntary Exposure.—Evidence in
    a prosecution for voluntarily going upon the highway while
    ill with smallpox, in violation of statute, held insufficient to
    sustain a conviction.

C. C. WILLIAMS for appellant.

JAMES BREATHITT attorney general and TOM B. McGREG-
OR assistant attorney general for Commonwealth.

OPINION OF THE COURT BY JUDGE NUNN—Revers-
ing.

Appellant was tried under the following indict-
ment, to-wit: "The grand jury of Rockcastle coun-
ty, in the name and by the authority of the common-
wealth of Kentucky, accuse Bell Lawrence of the
crime of voluntarily going upon the public highway
while infected with smallpox, committed in the man-
ner and form as follows, viz: The said Lawrence on
the 1st day of December, 1908, before the finding of
this indictment, and in the county and state aforesaid,
did unlawfully and voluntarily go upon the public
highways and streets of Mt. Vernon and Rockcastle

while infected with the smallpox, and who knew at the time that he was so infected, and by scattering the said disease amongst the citizens of this commonwealth, against the peace and dignity of the commonwealth of Kentucky." Appellant demurred to this indictment, but it was overruled.

The statute under which the indictment was found is as follows: "Any person who, having reason at the time to believe himself afflicted with the disease of smallpox, shall voluntarily go upon any public highway or street, * * * or who shall enter or go on board any steamboat, railroad car or other public conveyance, and all persons who shall knowingly aid or assist any one thus to offend, shall be guilty of a misdemeanor, and, upon conviction, shall be fined not less than one hundred dollars nor more than one thousand dollars." Ky. St. section 4618. The statute says any one having reason at the time to believe himself "afflicted" with the disease of smallpox, going upon the public highway, etc., commits the offense. The indictment charges that he had reason to believe that he was "infected" with the smallpox and went upon the highway. We deem it unnecessary to pass upon the question as to whether or not the indictment was sufficient, because there was no evidence to show his guilt. There was very slight evidence conducing to show that he might have had the smallpox, but there is none to show that he had reason to believe that he had it when he went upon the streets and public highways. Mr. Brown, the man with whom he boarded while working at the rock quarry with more than 50 persons, said to him one evening that he (Brown) believed that he had smallpox, and that he could not let him stay in the house that night, but that he could go to the barn and sleep

in the hay. Appellant went to the barn, but got so cold during the night that he had to get up and leave. None of the persons who worked with appellant at the rock quarry took the smallpox, but several of Brown's family did have it. There is no evidence showing that he went upon the streets or public highways after Brown told him that he believed he had the smallpox, and Brown's statement to him was the first thing to indicate to appellant that he had any reason to believe that he had the smallpox, and he went to the barn, as Brown told him, to sleep, but grew so cold during the night he had to leave, and went to his home in Pulaski county. Appellant testified that he did not believe at the time that he had the smallpox and stated that he did not have it; that the eruption he had on his face was common to him yearly from infancy. He was corroborated in this statement by both his father and brother, and there was no evidence to the contrary. As stated, there was but very slight evidence to the effect that he had the smallpox and none that he had reason to believe that he had it when he voluntarily went upon the streets and public highways, and the court should have instructed the jury peremptorily to find him not guilty.

For these reasons, the judgment of the lower court is reversed and remanded for further proceedings consistent herewith.